

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

*Overruled by*
*O-5301 insofar*
*as they conflict.*

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-3637

Re: Authority of Comptroller to permit
a transfer of the chain store
license issued to a utility store
operating in a town of less than
three thousand (3,000) inhabitants
to a store in a city having a
population of more than three
thousand (3,000), in view of the
amendment to Article 7060, Revised
Civil Statutes.

From your letter of June 4, 1941, and attached data
we gather the following facts:

A certain utilities company operating stores
in several towns of less than three thousand (3,000),
inhabitants, timely paid the fees fixed in Section
5a of Article 1111d, Vernon's Annotated Penal Code,
obtaining licenses to operate during the year 1941
in said respective towns.

Article 7060, Revised Civil Statutes levies a gross receipts tax,
or occupation tax measured by gross receipts, on certain utili-
ties. That statute was amended by Article 5 in House Bill No.
8, Forty-seventh Legislature, effective May 1 of this year. Said
Article 5 of House Bill 8 contains the following paragraph:

"And provided further that utilities paying
an occupation tax under this Article shall not here-
after be required to pay the license fee imposed in
Article 5a, House Bill No. 18, Chapter 400, Acts of
Forty-fourth Legislature, for the privilege of sell-
ing gas and electric appliances and parts for the
repairs thereof, in towns of three thousand (3,000)
or less in population according to the next preced-
ing Federal Census."

Said utilities company pays the tax levied by said
Article 7060 on the stores thus operated in said towns of less

than three thousand (3,000) population. Hence as to such stores the utilities company may not hereafter be required to pay the license fee fixed in Section 5 of said Article 1111d. Said utilities company has requested you to permit the transfer of the licenses thus issued for the year 1941 to the stores operating in towns of less than three thousand (3,000) inhabitants to stores in cities of population more than three thousand (3,000). The tax on such stores was paid prior to the enactment of House Bill No. 8 and we are advised that the stores in said towns of less than three thousand (3,000) inhabitants will continue to operate. You request our opinion as to whether the Comptroller is authorized to permit such a transfer.

The net result of allowing such a transfer would be to refund a part of the 1941 chain store tax paid on these stores operating in towns of less than three thousand (3,000) inhabitants. The statutes nowhere provide for such a transfer or refund. The quoted part of Article 5, H.B. 8, merely provides that the utilities company "shall not <u>hereafter</u> be required to pay" the chain store tax on these particular stores. We do not believe an intention to make a refund, even though indirectly, can be gleaned from this language. The tax for 1941 had been paid, a fact known to the Legislature. Had it been desired to make a refund, or allow any part of such payments as a credit upon other taxes accruing, apt language could have been found easily to evidence such intent. Our answer to your question is a negative one.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:db:wc

APPROVED JUN 14, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman